**SHUI YING LIN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 04–5750–AG.

United States Court of Appeals, Second Circuit.

Feb. 21, 2006.

Michael Brown, New York, New York, for Petitioner.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Robert W. Donaldson, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 21st day of February, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be DENIED.

Shui Ying Lin petitions for review of the October 2004 decision of the BIA denying her motion to reopen her removal proceedings. We presume the parties' familiarity

with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA may properly deny a motion to reopen when the movant fails to present material, previously unavailable evidence, or fails to establish prima facie eligibility for the relief sought. 8 C.F.R. § 1003.2(c)(1); *INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). In Lin's case, establishing prima facie eligibility for asylum was dependent on establishing credibility. Her new evidence did nothing to challenge the IJ's finding that her testimony regarding her arrest for practicing Falun Gong in China was incredible. The BIA correctly determined that the March 2000 Amnesty International report could have been presented at the March 2003 hearing. Moreover, the BIA was entitled to view with skepticism the letter from Lin's father, claiming that the police had renewed their demands for Lin's surrender after someone had seen her practicing Falun Gong in the United States and reported her to the Chinese authorities. By implying that Lin could not establish prima facie eligibility for asylum with this implausible claim, the BIA provided an adequate, reasoned basis for denying the motion, and therefore did not abuse its discretion. *See Abudu*, 485 U.S.

at 108, 108 S.Ct. 904; *Ke Zhen Zhao*, 265 F.3d at at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal is this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).